UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARSHALL ALLEN COATS,<br>Plaintiff,<br>v.<br>DICK ROMAINE, et al.,<br>Defendants. | CASE NO. 3:26-CV-5998-LK-DWC<br>REPORT AND RECOMMENDATION<br>Noting Date: October 19, 2026 |

Plaintiff Marshall Allen Coats, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1-1. The Court considered Plaintiff's proposed complaint and concludes this matter is duplicative, barred by the statute of limitations, and Plaintiff has not stated a claim upon which relief can be granted. The Court finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed with prejudice and Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) be denied.

## I. Background

In the proposed complaint, Plaintiff, who is incarcerated at the Airway Heights Corrections Center, alleges his rights were violated by Defendants Dick Romaine, a police

officer, Madeleine Williamson, a gay porn star/street performer, and Paul Timmons, an attorney. Dkt. 4-1. Plaintiff alleges Defendant Romaine violated his rights during a police interrogation that resulted in this arrest. *Id*. He next alleges Defendant Willaimson acted as a terrorist in the community. *Id*. Finally, he alleges Defendant Timmons represented him in the criminal matter and, during that representation, violated Plaintiff's rights. *Id*. The allegations in the proposed complaint occurred between 1999 and 2004.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d

1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633-34. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

*Duplicative Action.* First, the Court finds Plaintiff has alleged these same claims against these same defendants in previously filed actions. *See Coats v. Singleton, et al.*, 2:26-cv-2090-RSL (W.D. Wash.); *Coats v. Duckworth, et al.*, 3:26-cv-5838-LK-TLF (W.D. Wash.). The Court has recommended the claims against Defendants Romaine and Williamson be dismissed with prejudice because the claims against Defendant Romaine are barred by the statute of limitations and Defendant Williamson is not a state actor. *See Coats v. Singleton, et al.*, 2:26-cv-2090-RSL at Dkt. 18. Further, in *Coats v. Duckworth, et al.*, 3:26-cv-5838-LK-TLF (W.D. Wash.), the Court has notified Plaintiff that Defendant Timmons is not a state actor and cannot be sued under § 1983. *Id.* at Dkt. 5. The Court has given Plaintiff leave to amend the claims against Defendant Timmons. *Id.*

Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a

duplicative later-filed action." *Id.* at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

As Plaintiff's cases are still pending and he was given opportunities to amend his claims to state viable claims, the Court has discretion to dismiss this matter as duplicative. The Court also notes Plaintiff has filed thirteen cases since April of 2026 and several cases name these same defendants. Therefore, the undersigned finds this case should be dismissed as duplicative.

In addition to this case being duplicative of previously filed cases, the claims in this case are barred by the statute of limitations and Defendants Williamson and Timmons are not proper defendants capable of being sued.

*Statute of Limitations.* Plaintiff's claims arise from alleged conduct that occurred no later than 2004. Dkt. 4-1. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on August 17, 2026. Dkt. 1. Therefore, any claim arising prior to August 17, 2023 is barred by the statute of limitations. In the proposed complaint, Plaintiff alleges the conduct giving rise to the claims in this case occurred no later than 2004. Dkt. 4-1. From the allegations contained in the proposed complaint, Plaintiff had actual notice of the underlying facts in this case more than twenty years prior to filing this lawsuit. *See* Dkt. 4-1; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 4-1. Further, Plaintiff has been given an opportunity to show equitable tolling applies and failed to do so. *See Coats v. Singleton, et al.*, 2:26-cv-2090-RSL (W.D. Wash.) at Dkts. 15, 18. Therefore, the Court finds this case should be dismissed as untimely.

*Improper Defendants*. Plaintiff alleges claims against Defendant Timmons, his defense attorney. Dkt. 4-1. The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not,

by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). While it is not clear if Defendant Timmons was appointed by the state court, it is clear Defendant Timmons, as Plaintiff's criminal defense attorney, is not a state actor. Therefore, Defendant Timmons cannot be liable under § 1983 and Plaintiff has failed to state a claim against him.

Plaintiff also names Madeleine Williamson as a defendant. Dkt. 4-1. Plaintiff identifies Defendant Williamson as a gay porn star/street performer and has not alleged facts sufficient to show Defendant Williamson is a state actor acting under the color of state law. Rather, based on the allegations in the proposed complaint, Defendant Williamson is a private citizen. *See* Dkt. 4-1. "Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F.Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir. 2003). There are insufficient allegations to show Defendant Williamson is a state actor or that her actions were "clothed with governmental authority." Therefore, based on the allegations in the proposed complaint, Defendant Williamson cannot be liable under § 1983 and Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Williamson.

**III. Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed complaint would be futile. Additional allegations against these defendants would not cure the deficiencies. Moreover, Plaintiff has been given notice of the

deficiencies in the proposed complaints in this Court in his previously filed actions. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

## IV. Conclusion

For the above stated reasons, the Court finds this case is duplicative, barred by the statute of limitations, and names improper defendants. The Court also finds leave to amend would be futile. Therefore, the Court recommends this case be dismissed with prejudice and the dismissal count as a "strike" under 28 U.S.C. §1915(g). The Court also recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 19, 2026**.

Dated this 28th day of September, 2026.

David W. Christel
United States Magistrate Judge